UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ROSE M. MILLAR, | ) | CIV. 08-5055-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER GRANTING MOTION |
| | ) | FOR ATTORNEY'S FEES |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff, Rose M. Millar, moves for an award of attorney's fees in the amount of $2,223.44[1] and expenses of $124 under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d)(1)(A). Defendant objects to Millar's motion on the grounds that Millar was not a "prevailing party." Millar's motion for attorney's fees (Docket 15) and motion to supplement attorney declaration (Docket 19) are granted.

## DISCUSSION

### Background

In February of 2003, Millar was found by an Administrative Law Judge (ALJ) to have been disabled and entitled to social security disability benefits commencing in February of 2002, but not before. Millar appealed the ALJ's decision to the Appeals Council as to the disability onset date. The Appeals Council remanded the case back to the ALJ. On remand, the

---

[1] Millar originally sought to recover $2,067.19. Millar spent 1.25 hours, however, in defending against defendant's opposition to the fee award. Millar seeks compensation for that additional time spent. See Reply to Comm's Response Opposing EAJA Fee, Docket 18, at 3. Thus, the court added an additional $156.25 to Millar's attorney's fee award based on the $125 rate set out in 28 U.S.C. § 2412(d)(2)(A).

ALJ determined that Millar had never been disabled and was therefore not entitled to any benefits at any time.[2] The ALJ's second ruling, that Millar had never been disabled and was not entitled to benefits, became the agency's final decision.

Millar then appealed to this court for review of the agency's final decision. Millar sought two forms of judicial relief. First, Millar sought a writ of mandamus prohibiting defendant from terminating Millar's social security disability and social security insurance benefits. Second, Millar sought to reverse the agency's finding of no disability and to have Millar's benefits commence at the appropriate date.

Because parts of the record were lost by the administration, however, defendant moved to remand the case pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Millar did not object to the remand, but asked for this court to order that Millar's interest in the benefits be protected while the matter was before the ALJ. The court granted defendant's request for remand, and pursuant to Millar's request, further ordered that defendant be prohibited from terminating Millar's benefits while the matter was before the administrative law judge.

While Millar's case was before an ALJ for a third time, Millar moved to dismiss her claim for an earlier disability onset date. The ALJ granted Millar's motion and dismissed the case. As a result, Millar's benefits were not terminated, and she is still receiving social security disability benefits.

---

[2] The same ALJ presided over both the initial hearing and the hearing after the Appeals Council's remand.

**1.      Standard for Award of Attorney's Fees**

Under the EAJA, a "prevailing party" in a proceeding for judicial review of federal agency action is entitled to legal fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[3] Defendant argues that Millar is not a "prevailing party" for purposes of recovering attorney's fees under the EAJA. Defendant does not argue that its position was substantially justified or supported by substantial evidence. Also, defendant does not argue that the number of hours Millar spent on the case was unreasonable. Thus, the only issue before the court is whether Millar is properly considered a "prevailing party."[4]

**A. The Standard for Being Considered a "Prevailing Party"**

In <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598 (2001), the Supreme Court set forth a two-part test for determining whether a party is considered a prevailing party when there is no final judgment based on the

---

[3] Section 2412(d)(1)(A) reads in its entirety as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

[4] Outside the context of a eminent domain proceedings, the EAJA does not define the term "prevailing party."

3

merits of the case.[5]  First, the party must demonstrate a "material alteration of the legal relationship of the parties." Id. at 604 (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989) (other citations omitted)).  The second requirement is that the relief must be "judicially sanctioned." Id. at 605; see also Carbonell v. Immigration and Naturalization Serv., 429 F.3d 894, 898 (9th Cir. 2005) ("According to Buckhannon, a litigant must meet two criteria to qualify as a prevailing party.  First, he must achieve a 'material alteration of the legal relationship of the parties.'  Second, that alteration must be 'judicially sanctioned.'" (citations omitted)).  Thus, even when there is no final judgment on the merits of the case, a party may nonetheless become a prevailing party if Buckhannon's two-part test is satisfied.  See Carbonell, 429 F.3d at 899 (noting the majority viewpoint that "a litigant can 'prevail' for the purposes of awarding attorney's fees as a result of judicial action other than a judgment on the merits or a consent decree" (citing Pres. Coal. v. Fed. Transit Admin., 356 F.3d 444 (2d Cir. 2004); T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469 (7th Cir. 2003); Truesdell v. Phila. Hous. Auth., 290

---

[5] While Buckhannon involved different fee-shifting statutes than the EAJA, the Supreme Court's interpretation of "prevailing party" in prior cases has been understood to apply "in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983); see also Ma v. Chertoff, 547 F.3d 342, 344 (2d Cir. 2008) (noting that "all of the Circuit Courts to have considered this issue [have held] that Buckhannon's definition of 'prevailing party' applies to fee requests under the EAJA" (citing Goldstein v. Moatz, 445 F.3d 747 (4th Cir. 2006); Marshall v. Comm'r of Soc. Sec., 444 F.3d 837 (6th Cir. 2006); Morillo-Cedron v. U.S. Citizenship & Immigration Serv., 452 F.3d 1254 (11th Cir. 2006); Scherer v. United States, 88 Fed. Appx. 316 (10th Cir. 2004); Thomas v. Nat'l Sci. Found., 330 F.3d 486 (D.C. Cir. 2003); Perez-Arellano v. Smith, 279 F.3d 791 (9th Cir. 2002)).

F.3d 159 (3d Cir. 2002); Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002); Smyth v. Rivero, 282 F.3d 268 (4th Cir. 2002))).

## 2. Whether Millar is a Prevailing Party

Because there has been no final judgment based on the merits of Millar's case on account of the dismissal, the two-part test set out in Buckhannon applies as described above. See Loudner v. United States, 379 F. Supp. 2d 1048, 1051 (D.S.D. 2005) (noting that the relief obtained must have "materially alter[ed] the legal relationship between the parties" and that "the change in the relationship must [have been] 'judicially sanctioned' " (citing Sierra Club v. City of Little Rock, 351 F.3d 840 (8th Cir. 2003))).

### A. Whether There was a "Material Alteration of the Legal Relationship"

With regard to the first part of the test set out in Buckhannon, 532 U.S. at 604, there has been a "material alteration of the legal relationship" between Millar and defendant. See Carbonell, 429 F.3d at 899. Millar's benefits were terminated prior to the appeal before this court. After the appeal, the court ordered that Millar's benefits were not to be terminated while the case was pending before the ALJ on remand.[6] That order materially altered the legal relationship between Millar and defendant. See id. at 900 (noting that "for the pertinent period of time, [plaintiff] obtained the desired relief" and that plaintiff "received much of the relief he sought in

---

[6] It should also be noted that Millar is still receiving disability benefits.

5

the district court and thus met the first requirement to be deemed a prevailing party").

In Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006), the Eighth Circuit affirmed this court's denial of attorney's fees where the plaintiffs had only obtained a "preliminary injunction granting temporary relief that merely maintain[ed] the status quo." Because the preliminary injunction "merely maintain[ed] the status quo," the court of appeals found there were no "material alteration of the parties' legal relationship within the meaning of Buckhannon." Id. at 1086. The facts and circumstances present in Northern Cheyenne Tribe, however, are materially distinguishable from those found in this case.

Here, the court's order did not "merely maintain the status quo."[7] Rather, the court's order materially changed defendant's legal relationship with Millar by prohibiting the termination of Millar's benefits even though defendant had previously found that Millar was never disabled. Had Millar not appealed to the court and obtained a court order prohibiting the termination of her benefits, her benefits would have terminated.

The plaintiffs in Northern Cheyenne Tribe "achieved their desired result . . . for reasons unrelated to the merits of the Tribes' RFRA and RLUIPA claims." Id. That cannot be said about the result in this case

---

[7] Because defendant found that plaintiff was never disabled, the "status quo" would have been properly construed as there being no benefits.

because Millar achieved her desired result by appealing to the court and obtaining a court order.[8] Millar was able to ensure that her benefits would not be terminated despite defendant's prior finding that she was not entitled to benefits. Thus, there was a material alteration of the legal relationship between the parties, and the first part of the Buckhannon test is satisfied.

**B. Whether Millar's Relief was "Judicially Sanctioned"**

With regard to the second part of the test set out in Buckhannon, 532 U.S. at 605, the relief Millar received was "judicially sanctioned." See Carbonell, 429 F.3d at 901. Millar appealed to this court because the ALJ's second decision effectively terminated Millar's benefits. One purpose of the appeal was to stop the termination of Millar's previously established benefits. See Amended Complaint and Petition for Writ of Mandamus, Docket 9, at 3 (asking the court to "[i]ssue a writ of mandamus prohibiting Defendant from terminating Millar's social security disability and SSI benefits"). The court ordered that "defendant shall be prohibited from terminating Millar's benefits while the matter is pending before the administrative law judge." See Order for Remand, Docket 12. The court's order effectively reinstated Millar's benefits and ensured that those benefits would not be terminated while the case was before the ALJ on remand.

---

[8] It does not matter that Millar was unable to prevail on both issues before the court on appeal. See Tex. State Teachers Ass'n, 489 U.S. at 792-93 ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties[.] . . . Where such a change has occurred, the degree of the plaintiff's overall success goes to the reasonableness of the award under Hensley, not to the availability of a fee award *vel non*.").

7

Millar's benefits could not be terminated during the remand because Millar appealed and obtained a court order prohibiting the termination of her benefits. See Loudner, 379 F. Supp. 2d at 1054 (citing Watson v. County of Riverside, 300 F.3d 1092, 1095-96 (9th Cir. 2002) (holding that plaintiff who obtained a preliminary injunction was a "prevailing party" because he obtained "significant, court-ordered relief that accomplished one of the main purposes of his lawsuit")); see also Watson, 300 F.3d at 1096 (noting that a "preliminary injunction issued by a judge carries all the 'judicial imprimatur' necessary to satisfy Buckhannon"). Thus, Millar satisfies the second part of the Buckhannon test because she was able to judicially secure the continuation of her benefits as a result of the court's order.

Defendant argues that Millar is not a prevailing party because the court ordered a "sentence six" remand when part of the record was lost by defendant. Defendant reasons that Millar is not a prevailing party because she has not obtained a "favorable decision." Defendant relies on Melkonyan v. Sullivan, 501 U.S. 89 (1991), to support the argument that normally a "sentence six" remand is not a sufficient basis for plaintiff being labeled as a "prevailing party." Id. at 102 ("In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs."). Defendant's argument focuses, however, only on the court's decision to remand the case to the ALJ and does not address the other part

8

of the court order that prohibited the termination of Millar's benefits.[9]  Also, defendant's argument assumes that a "favorable decision" is a decision that must be based on the merits or a consent decree.  That interpretation of "prevailing party" has been rejected by the Eighth Circuit[10] and the vast majority of the circuit courts that have addressed that argument.  N. Cheyenne Tribe, 433 F.3d at 1085 n.2.  See also Carbonell, 429 F.3d at 899 (noting the majority viewpoint that "a litigant can 'prevail' for the purposes of awarding attorney's fees as a result of judicial action other than a judgment on the merits or a consent decree" (citing Pres. Coal. v. Fed. Transit Admin., 356 F.3d 444 (2d Cir. 2004); T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469 (7th Cir. 2003); Truesdell v. Phila. Hous. Auth., 290

---

[9] The Supreme Court's decision in Melkonyan is also not directly on point because the type of sentence six remand at issue in that case is different from the type of sentence six remand at issue in this case.  See 501 U.S. at 100 n.2 ("Sentence six also authorizes the district court to remand on motion by the Secretary made before the Secretary has filed a response in the action.  That subcategory of sentence six remands is not implicated in this case.").

[10] Other courts have cited the statement in Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003), that "Buckhannon . . . makes it clear that a party prevails only if it receives either an enforceable judgment on the merits or a consent decree," for the proposition that the Eighth Circuit is the only circuit to have narrowly construed Buckhannon to exclusively require a judgment on the merits or a consent decree.  See, e.g., Roberson v. Giuliani, 346 F.3d 75, 82 n.7 (2003) ("The Eighth Circuit appears to be the only circuit to squarely adopt such a narrow reading of Buckhannon[.]").  In Northern Cheyenne Tribe, however, the court made it clear that "the majority in Christina A. did not consider, and certainly did not foreclose, the question whether other types of court orders, such as declaratory judgments and preliminary injunctions, may ever result in the requisite judicially sanctioned material alteration in the parties' legal relationship."  433 F.3d at 1085 n.2.

9

F.3d 159 (3d Cir. 2002); (Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002); Smyth v. Rivero, 282 F.3d 268 (4th Cir. 2002))).

## CONCLUSION

For these reasons, Millar is a prevailing party in the context of this case. Defendant has not argued that its position was substantially justified or supported by substantial evidence. Defendant has also not argued that the number of hours was unreasonable. Thus, Millar is entitled to attorney's fees in the amount of $2,223.44 and expenses of $124 pursuant to 28 U.S.C. § 2412(d)(1)(A).

Accordingly, it is hereby

ORDERED that Millar's motion for attorney's fees and costs (Docket 15) and motion to supplement attorney declaration (Docket 19) are granted in the amount of $2,223.44 in attorney's fees and $124 in expenses.

IT IS FURTHER ORDERED that the administration issue the check to Millar's counsel to permit electronic deposit of funds.

Dated September 1, 2009.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE